All right, Miss Lyson, I'm sorry, we'll hear from you. Thank you, your honors. May it please the court, Jenny Lyson for Christopher Singletary. Your honors, the written judgment in this case imposing special conditions for revised release is erroneous and must be vacated for at least three reasons. First, the written judgment conflicts with the oral pronouncement of sentence. Second, the district court plainly erred in failing to explain why the special conditions of supervision were necessary or appropriate in Mr. Singletary's case. And third, we believe that one of the conditions impermissibly delegates judicial authority to the probation officer. So first, turning to the first argument, counsel, can I just ask you a quick question sort of about the order of operations for us here? Assuming for a minute that there's no appeal waiver problem. If you're right on your Rogers claim, and I think the government on the merits assumes that you are, that there's an inconsistent judgment here, then we would vacate the sentence and remain for resentencing under Rogers so we would never get to the other two issues, right? I believe that's correct, your honor. So I think if you decide that if you simply don't think the appellate waiver applies here, you would send it back for a resentencing on the conditions of supervised release and you would not need to reach the other issues, correct? Right, it's a full resentencing. We vacate the entire sentence and send it back. I'm not, excuse me, I should be careful. I'm not trying to suggest what form the resentencing takes, but the relief in Rogers was the sentence is gone. This person has no longer been sentenced. Absolutely, we agree. And then on remand then, counsel Singlesbury would have the opportunity to explain to the court why those financial conditions were not necessary and appropriate in the case. That's correct. It would have the benefit of allowing the defendant to object at the oral sentencing, right? Exactly, your honor. So Judge Harris, we agree with you absolutely that it is, the written judgment is erroneous because it imposes those two conditions that were never announced at sentencing. So applying that DeNovo standard in Rogers and comparing the written judgment, which those two conditions appear on JA 82 to the oral pronouncement of sentence, which is at 73 and 74 of the JA, it's clear that the district court never announced those two financial conditions of supervision. And as we know, under federal rule 35C, the oral pronouncement of sentence is the controlling sentence. And so this court has said in Rogers and Osborne and Morris and Doswell and those cases that we've cited, that where there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls those conditions. Those two conditions are effectively nullities and must be stricken. Yes, Judge Thacker. But that doesn't make it an illegal sentence, does it? That would get you past the waiver in the plea agreement? So the waiver of appealing the sentence. So your honor, we don't believe that the plea waiver does bar Mr. Singletary's claim here for a couple of reasons. So first, this court could simply decline to enforce the plea waiver, which we've asked for, which it did under identical circumstances in United States versus Hargrave. This court said that at this late juncture, we declined to enforce the plea waiver. In Hargrave, the defendant pled guilty pursuant to a plea agreement to one count of Cobb's Act robbery, one 924C count. In both cases, there was a plea agreement. Counsel for the defendant filed an Anders brief specifically citing the plea waiver. In both cases, the government didn't. Yes, Judge Thacker. No, yeah. Maybe the government didn't raise it in Hargrave, but here in response to the Anders brief, the government said, we're not going to file a brief at this time unless the court orders us to do so, but we reserve the right to stand on the waiver. They did raise it in response to the Anders brief. And so, Your Honors, we do not want to follow Hargrave, which is an unpublished decision. I didn't say I wasn't following Hargrave. I'm saying this case is different from Hargrave. I understand, Your Honor. So we don't think necessarily then that these issues would fall outside of the plea waiver, and I would point to, and I'm talking here about the two conditions that were imposed outside of Mr. Singletary's presence. And I think that this court's decision in United States v. Attar, which was cited in our response to the government's motion to dismiss, is particularly instructive in this case. That was an appeal from the Eastern District of North Carolina, so it involved the exact same appeal waiver that we have in this case. And in Attar, the defendant brought a challenge to start to appeal his sentence after his attorneys were permitted at sentencing, at the beginning of the sentencing proceeding, and then he had to proceed with that sentencing without counsel. And he challenged that under Sixth Amendment on appeal. The government sought to dismiss that case, that appeal. And this court said that we do not think the general waiver of appeals rights in this plea agreement should be construed as a waiver of the right to challenge their sentences on that basis. Because implicit in every, the defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceeding following entry of the plea will be conducted in accordance with constitutional limitations. And we think that's essentially what we have here. The district court went off and imposed special conditions of supervision outside of Mr. Singletary's presence, outside of his counsel's presence. He had no opportunity to object. And so we just don't think that that kind of issue, that sort of fundamental issue is something that is contemplated in the plea agreement. And if you think about it- Ms. Blyston, could I ask a question about the conditions here? So is there a legitimate distinction to be made between those conditions that the district court was empowered to require in this case? And a separate condition, for example, the one where arguably the district court delegated its authority to enter a condition with respect to the financial restrictions that were placed on your client. So in the former, it would seem to me that if there's a waiver, a valid waiver, then it sort of forfeited the right to object to those because there were otherwise valid conditions entered irregularly. In the latter, though, it seems to me you have a better argument that if the district court went beyond its authority to delegate its power to impose punishment, that that can't be waived. So what about that distinction? So I think, so I'm sorry, Your Honor. Are you talking about mandatory conditions of supervision or the- I don't know that it matters. I guess what I'm asking is whether a district court who has the authority to impose conditions but does so in a regular fashion, whether that mistake or error is waived by a valid plea waiver as opposed to the delegation of authority to impose conditions with respect to the financial issues, opening up the account, for example. In this case, the district court apparently delegated that authority to a probation officer. And so I think there's a distinction to be made between that condition and the others where it's simply the district court simply entered those conditions without giving your client an opportunity to respond. So, Your Honor, so I don't think the court actually has any authority. And we're talking about the same condition here. And just here, this is on- Yeah, so tell me, so identify the conditions for me. So you have them in front of you. I apologize, Your Honor. So those two conditions are the defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office. And the second one is the defendant shall provide the probation office with access to any requested financial information. We don't think the district court has any authority to, after it is orally pronounced a sentence, to go back and alter the written judgment to add additional conditions of supervised release after the fact outside of the presence of the defendant or his counsel. Yes, Your Honor. Counsel, maybe this is semantic, but I feel like under Rogers, that's not exactly your argument. Under Rogers, your argument is these conditions  They are not part of his sentence. He's not challenging his sentence. He's not challenging the irregular imposition of certain conditions as part of his sentence. He literally has not been sentenced to those conditions. Absolutely, that is my argument, Your Honor. So we contend that those conditions are just void and must be stricken. Now, if this court goes ahead under Rogers and decides that is also, the sentence is plainly unreasonable because the district court didn't explain its reasons for imposing any of these conditions, then the whole thing would get a remand and there'd be resentencing. If you decide that only those two conditions that were imposed outside of his presence that actually weren't imposed, we say the actual sentence is the one, the oral pronouncement of sentence, then we think it would just go back with instructions for the district court to enter a written judgment that is in compliance with the oral pronouncement of sentence. I would point out that the government... Again, that's not what in Rogers, the court sent it back and just said, you got to start again on sentencing. You may choose to now sentence to those things you wrote down in the judgment, or you may choose not to. We won't guess which way you're gonna try to rectify this inconsistency. You just need to sentence again. And I don't disagree with you on that, Judge Harris, to be clear. But getting back to your question, Judge Diaz, so we do think that the court doesn't have the authority to enter a written judgment that's in conflict with the oral pronouncement of sentence. We think that falls outside the scope of the appellate waiver but I also... But you didn't raise the argument about the court not having judicial authority on this delegating to the probation officer until after... You didn't raise it in your opening brief. So why didn't you waive it? So that's absolutely true, Judge Thacker. And I think under perhaps if the government was asserting that I had waived the argument that it probably would be waived. However, I will point out that in page 14 of the government's brief, the government has chosen to treat the response to the motion to dismiss as incorporated into the brief and actually urges this court to reach the issue. The government states that if you're remanding, that the United States requests that this court decide another issue raised by Singletary in his supplemental brief. So I think we're... Okay, so if we did reach the issue about the delegating judicial authority, what about our precedent in U.S. versus Miller where we've held that courts may use non-judicial officers such as probation officers to support judicial functions as long as a judicial officer exercises ultimate responsibility? Absolutely, Your Honor. And this is the problem here is that the condition as written doesn't make clear that it is merely giving the probation officer ministerial authority. And in fact, it's not clear from the condition that Mr. Singletary has the ability to incur new credit charges or open a new line of credit. It seems to change that whole decision-making authority to the probation officer. And I would point out that the language of 5B1.3 D2  The problem, the government is seeking to defend the condition pointing to the language of 5B1.3 D2, but actually when you look at that language, that shows you how you could craft this condition without having an impermissible delegation of authority. Because when you read the entire condition as stated, it says, if an installment schedule of payments of restitution or a fine is imposed, a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer, unless the defendant is in compliance with the payment schedule. That makes it clear that the defendant in fact can do these things, but if there's an installment schedule, and if he gets behind on his payments at that point, it makes it clear, puts the defendant on notice. Hey, you're gonna have to start going to your probation officer to get approval of these things. And so instead of just, the problem with this condition is that it's sort of chopped off the beginning and chopped off the end. And so it makes it unclear as to whether Mr. Singletary has this restriction. It just gives the probation officer the authority. And so I think that is the problem here, is that it's sort of chopped off that beginning and chopped off the end, it makes it unclear. I would also point out that really, there doesn't seem to be any need on the record in this case to impose this condition at all. And I didn't sort of draw this out in the briefing, so I'd like to point it out. The only restitution that was ordered in this case was $985 that Mr. Singletary stole from the old time barbecue, but that amount was seized by the police immediately after he was arrested. And at sentencing and through the plea agreement, that amount was forfeited. And so at the sentencing, defense counsel asked the district court to permit that amount forfeited to pay for the restitution and the district court permitted that. So restitution has been completely satisfied in this case. So I would also just point out, I think on remand, the district court may very well reconsider this decision or actually it never decided to impose these conditions, we think, but I think on remand, I don't think that, I think it's likely that the court wouldn't impose these conditions because they just, they seem to be in conflict with 5D1.3D2. Ms. Lyston, getting back to the issue of waiver, what do you think is the government's responsibility when the defendant files an Anders brief in a case where there's an appeal of appellate rights in the file, a waiver of appellate rights, sorry. Your Honor, in all my other Anders cases, I have to say that the usual procedure by the government is that they typically file a motion to dismiss. It's a very boilerplate motion to dismiss and I typically file a very boilerplate response. It may not be the rule that the government is required to immediately move to dismiss, but I think it would make it a lot easier on the office of staff counsel if the government would timely assert what is basically an affirmative defense to the appeal. Because, yes, Your Honor. Can I ask why you think it's not the rule that the government should immediately move to dismiss? The rule is under 27F that a motion to dismiss based on jurisdictional grounds should be filed within the time allowed for the filing of a response brief. So... Your Honor, I admit that I was not aware of that rule. So if that's the rule, then I would urge this court to apply it here. Because I don't think the government has timely asserted its motion to dismiss. And I just have one follow-up. So, and this goes back to Judge Diaz's question, because I am trying to figure out how this is supposed to work. So if the government files a motion to dismiss, but then after our excellent court staff does an Andrews review, if additional issues are identified, is the government gonna have to file another motion to dismiss to explain why those issues also are within the scope of the appeal waiver? What, might it not make sense  So if this court, and Your Honor, I know my time has expired if I may just answer your question. Absolutely. If this court, once there's an Andrews brief and the government files a motion to dismiss, I believe that this court conducts an Andrews review with an eye towards that appellate waiver and specifically looks for issues that would fall outside of the appeal waiver. So I presume that if this court ordered supplemental briefing on a potentially meritorious issue, that it would be an issue that would necessarily think, that it would be an issue that this court would necessarily think might fall outside of the appeal waiver. And so at that point, it would issue a supplemental briefing order and the government could explain in supplemental briefing why it felt that this issue did indeed fall within the appellate waiver. I don't think a second motion dismissed would be necessary. All right, thank you, Ms. Lesten. Thank you, Your Honor. Mr. Bragdon, it appears your video is now working. So whenever you're ready, go ahead. Thank you, Your Honor. And may it please the court, my name is David Bragdon and I represent the United States. I wanted to start by making an apology for two errors in our brief that were pointed out by defense counsel. One is that we, I think we mentioned in the brief that defendant had agreed as part of the plea agreement to conditions of supervised release and that as they pointed out was untrue. And the other thing I wanted to point out is when we cited the 11th Circuit Nash case with respect to the delegation of authority issue, we made an overstatement by saying that it was exactly the same condition and that it's not. I do believe it's analogous, but we can discuss that in a minute when we get to those issues. I wanted to start by addressing the Anders issue and whether or not he waived by not making a motion to dismiss. And I think the most important point for that is that it was not actually timely for us to make a motion to dismiss with the defendant's opening brief because they didn't raise an issue that a motion to dismiss would have applied to. The only issue they raised was an ACC issue. And this court has held it. I think I've got the site. It's United States versus Cornett, 932 F3E204. In that case, the court has held that an appellate waiver doesn't limit a defendant's ability to raise an argument that he's not an armed career offender. And so we could not have, a motion to dismiss would not have applied to that issue. And so what we did in our practice in that regard, and if it's wrong, we can certainly change it, but our practice is where there's an issue raised that's covered by the motion that will be covered by our appellate waiver, we file a motion to dismiss. If there's an issue raised that is not covered by the appellate waiver, we write a letter and attempt to preserve our ability to make a motion to dismiss later. And as soon as this court brought up an issue that was covered by the motion to dismiss, at that point, we did, that would have been covered by the appellate waiver when we did raise one. So I think the appellate waiver is an issue here. And the second- Can I, sorry, so I understand, your argument makes a lot of sense and I understand it. And I understand why it would take care of any waiver issue. Like it would be hard to say that you waived the right to rely on the appellate waiver, given the letter and the sequence of events. But how do we mesh this with our new rule 27F, with our new rule on timeliness, which is that the motion to dismiss has to be filed within the time allowed for the filing of the response brief. Can you just walk me through that? You would read that so that it means that, I don't want to put words in your mouth. So how is it timely under 27F? So your honor, I had not looked closely at that rule to be candid. But what I would recommend to the court is that they would say, if an issue is raised in an Anders brief or otherwise, then we need to file a motion to dismiss at a timely point there. If an issue is raised for the first time later, that would have applied, that would have been covered by a motion to dismiss and supplemental briefing, I think we still can raise it at that point because we did not have an opportunity to raise it earlier as to that issue. I think otherwise it would put us in the position of filing a motion to dismiss with almost no substance in every case, just thinking, well, maybe there could be supplemental briefing that would require a motion to dismiss. And I think that's probably not the best use of the court's resources. So that's my answer. Well, the problem though, is that it's also not the best use of the court's resources to have a issue identified by the court as having some merit, require briefing by the appellant and then have the government come back and say, oops, nevermind, we're gonna rely on the appellate waiver at that point. Well, I think that's why we thought that mentioning the appellate waiver in the Anders letter was a middle ground because in that, I mean, we have mentioned, that the government's reserving its right to raise appellate waiver. And so we flagged that issue for the court. And again, if that's not the way the court wants us to do it, we will certainly change that, but that's my position today. Sorry, and just so I'm clear, you only do this in cases where the Anders brief only raises issues that are outside the scope of the appeal waiver? I'm not, that is our strategy. The letter doesn't say that. Okay, sorry, go ahead. That is, I'm new to our appellate division. That is my understanding of our office's practice. And I'm not gonna say that we're perfect and always doing it. But my general understanding is that we would have filed a motion to dismiss had there been an issue raised that was covered by the motion to dismiss. Okay. So let me move to, I do agree with the question or point raised by Judge Diaz earlier. We would make a distinction between the delegation of authority issue and the Rogers issue when it comes to the appellate waiver. And so I'd like to hit the Rogers issue first. I think the question is, the question here is there are a narrow, a very narrow set of exceptions that this court has recognized when it will find a way out of an appellate waiver. And yes, yes, Your Honor. Counsel, but that's exceptions we have found that will allow a defendant to challenge his sentence, even though he waived challenges to his sentence. We have never considered a case where a defendant comes in and says, I'm not challenging my sentence. I'm fine with my sentence. I would like you to take out that extraneous language from my judgment because it might confuse someone into thinking I had been sentenced to those conditions as well. And the only case I could find that considered something like this was in the Seventh Circuit where they said, that's not covered by your appeal waiver. You're not challenging your sentence. And maybe I misfocused my researching efforts in that regard, Your Honor. I think that is an interesting point, but what I had understood to be the appellant's argument in this case was, and I think in their motion to dismiss on page three, page six of their motion, of their response to the motion to dismiss, what they say is that this is a violation of a clearly established constitutional or statutory rule. And when I look at that, I think that for it to be clearly established, it must have been in existence at the time the court considered it. And Rogers had not been in place when the district court sentenced it. Rogers came up with a new rule for these scenarios, one that was not being followed by courts previously. And as further evidence that this was not a well-known or clearly established rule, the appellant filed an Anders brief. So they did not flag it or see it. And when the court initially ordered briefing on it, it ordered briefing not on the pronouncement issue, not on what we now see as the Rogers issue, it ordered briefing on the failure to explain issue. And so I think that this is, I think that this is a new case. It's a new approach. And I think under that new approach, it's not a clearly established to come under an exception. And so- But how could the waiver, how could the plea waiver be knowing, be a knowing waiver? Because how could the defendant have contemplated that the judge would, the district court would haul off and add conditions after the sentence was, the sentencing was over? Well, I would say that this was something that was, that was first of all, let me take two steps back. First of all, appellate waivers are meant to cover things that defendants do not anticipate. In the Archie case cited by defense counsel, it talks about the fact that changes in law and other things like that are covered under appellate waivers. The second thing I will say is that this practice, has been identified as wrong, but I don't think it was unusual. I don't think it was an unusual situation for a court to fail to pronounce. And I did find a couple of cases in particular, where I think United States versus Norris, 457 F Appendix 333, it's a 2011 case. And that's a case where there was an appellate waiver, there was an Anders brief, and there was a failure to pronounce any of the conditions by the district court. I went back and looked at the sentencing transcript. And so those things happened, and they were accepted up until Rogers created this new rule. And so I'll answer additional questions about that issue, but I do wanna take a minute and turn to the improper delegation if there's not additional questions on that issue. So I wanted to look at improper delegation, and I wanted to start by looking at some of the other delegations that were given in this case that aren't even challenged by the defendant. So it delegates to the probation officer to decide whether or not the defendant works. So it orders the defendant to work, but it allows the probation office to make an exception. And they can make an exception as to whether or not he even looks for work. That's the third condition of supervised release in the standard conditions. They delegate to the probation officer to make exceptions as to whether or not he stays in the district. That's the seventh condition. So they say, you need to stay in the district, but you can get exceptions from your probation officer. They delegate whether or not he interacts with people engaged in criminal activity. So they say, don't interact with people engaged in criminal activity unless the probation officer makes an exception. And so that's another area of delegation. They delegate to the probation officer who he notifies about the risks he poses. And they even give the probation officer  And so there's a lot of authority that's routinely applied in these cases. And those issues aren't even questioned here. The second point I'll raise is a practical one. And that is this condition of supervised release would not work effectively without delegation to the probation officer. It requires the defendant to get approval for each charge he makes, each line of credit he opens. And if he had to do that with the court, each time he makes a charge, each time he opened a new line of credit, there would be a major delay in every financial action the defendant took. And this is exactly the sort of condition that probation officers need to be able to manage on a day-to-day basis, knowing everything they know about the defendant, know how to handle that. It's exactly the sort of thing that requires delegation, requires an on-the-scene officer. I did want to raise the point raised by the defendant where they talk about the difference between this condition and the one in the sentencing guidelines. And the sentencing guideline, this condition has been around for 25 years. To my knowledge, it has never been struck down by a court or found improper. And what I would say is it's the same delegation. It's the exact same delegation. It's just different circumstances as to when it's delegated. And so in the sentencing guidelines, they delegated in one specific set of facts. Here, the court delegated it as to all circumstances, but the same amount of delegation of approving each account and approving each credit charge is done in both. When you look at the only circuit that has addressed a similar condition is the 11th Circuit in the Nash case. And the condition there was the defendant shall secure approval from the probation officer before opening any checking, credit, or debit account. So here is lines of credit and charges. There, it was approval to open a credit, debit, or checking account. And the court said that we're gonna distinguish between delegation of a ministerial act and delegation of imposing the sentence itself. And when they looked at it, they said the imposition of the sentence is the decision that the defendant needs to be supervised on this issue. The court wants the defendant to get permission before he does, before he opens any new account. That's what the court's decided. Which accounts he opens is a ministerial act, and that's an appropriate act for delegation. And I think that that fits with the overall framework. The other line of cases that I would point the court to, and we did not cite this in our brief, but there's a line of cases that deal with the probation officer's decision that deals with the issue. So Bragdon, before you go on to those next cases, back to Nash. So in your view, the fact that the probation officer ultimately has the authority to withhold approval of any line of credit or checking account, you don't think that equates to the probation officer having the authority to decide the nature and extent of the defendant's punishment and therefore is an improper delegation? That's correct, Your Honor. And actually there is, this case is not in our brief, but I'd point the court to the unpublished case of United States versus Cook. It's 637 F Appendix at 744. And in that case, the condition forbade the defendant from using his computer to access the internet, even at work, without approval of the probation officer. And so it was very similar, different kind of issue, but very similar in how it was framed. Don't use your computer without approval of the probation officer. Don't use the internet without approval of the probation officer. And the court found that what that condition did is it essentially prohibited a set of conduct, but gave the probation office discretion to make exceptions to it. And the court found that that was not an improper delegation. And there's a Fifth Circuit case that addresses a similar condition to that internet issue and reaches the same conclusion. And that's United States versus Halverson, 897 F Third, 645. And I think that, again, we have to look at, could the court have said, okay, come back to me, come back to the judge. Every time you wanna use the internet, you have to come back to court. That's not workable. And so the court said, well, can we delegate that permission that we want there to be permission, we want there to be approval, but we're gonna delegate that to the probation officer. And I think the fact that defendants are allowed to go back and request changes to their supervised release under rule 32.1, or bring these things back to the attention of the court does provide some limits. But I think it's a reasonable amount of discretion. And in United States versus- Council, oh, Council, sorry, it's Judge Harris. So I'm hearing what you're saying, and I do, I understand what you're talking about in terms of sort of the functionality of this system. But I suppose another way of looking at it might be that the way it's set up now almost makes it too easy for courts to just impose like a whole raft of conditions without thinking about them very carefully, just let the probation officer figure it out. And this case does give me some concern about that because it is hard for me to see why this credit card charge condition was imposed on this guy. I mean, under the guidelines, that's for people who have installment plans for their restitution or their fines, and they've fallen out of compliance with the plan. That's when the Sentencing Commission thinks that's appropriate. So I have some concern here that, you know, had the defendant actually been sentenced to this condition, it would have been without a lot of thought, and it would have been made easier by the fact that, and I really don't mean to, no disrespect to the judges, and I know how busy they are and how hard these jobs are, but it, you know, it's almost, I could imagine a circumstance under which like, I will just leave that to the probation officer. But that's not who's supposed to be sentencing people. Well, Your Honor, I think that that is actually a really good point. And I think one of the reasons why this case is not, maybe not the best case to consider this issue is the fact that the court did not explain this condition. And as counsel has made it clear- Well, also didn't actually sentence the defendant to this condition, but let's assume for a minute he had been conditioned. He had been sentenced to it. It would have been without explanation, right? And so this court has a line of cases to deal with exactly the issue that you mentioned so that the court does explain it, so the court does make sure that, you know, that it's imposed, that it's specific to the case, and so on. And so I think that line of cases deals with the concern you're raising. Now, here, we believe that the appellate waiver cuts off the defendant's ability to raise the explanation issue. But I think in general, the requirement for a court to explain, and the line of cases requiring the courts to explain supervised release is relatively new. I think courts are still getting used to that line of cases, and the explanations will probably be better  But I would say that, you know, I would say that a court needs the flexibility to give the probation officer the ability to manage day-to-day things that a court can't take into account. And I think knowing the defendant's financial situation, looking at, is this charge okay? Is this charge not okay? Those sorts of things are exactly the things we would want someone on the ground to take a look at. Do we want the court to explain why it's necessary? Of course we do. Do I wish the court had done this here? I absolutely do. But I don't think that makes the whole condition an unlawful delegation of authority, is what I would say. And I did, and I'm actually, I tried to keep track of my time, but am I out of time? You're over time, Mr. Bragdon, so if you want to make a concluding statement, go ahead. Well, I would just thank you for your time, and I would ask the court to. All right, thank you. Ms. Leisman, you've got some time for rebuttal, go ahead. Your Honor, just a few brief points. I would, going back to the government's discussion of when it files a motion to dismiss and when it doesn't, and the fact that the Anders brief didn't bring up certain issues, I would just point out that the whole reason for filing an Anders brief is to put the court on notice, is to ask the court to conduct its own review, because goodness knows, attorneys, we miss things all the time. And so when you file an Anders brief, you are asking the court to look at the entire record, see if there's anything in here that I missed, which I definitely did. And so I think it would behoove the government to go ahead, if it intends to assert this affirmative defense of waiver, it needs to go ahead and let the court know that. I think that would definitely be the better rule, and I'm sure the Office of Staff Counsel would really appreciate that, as I said. So in terms of the delegation, Your Honors, I think, again, the problem with this particular one, as it's currently worded, is that it just gives the probation officer all authority over a very, you know, and imposes very significant restrictions on the defendant's financial liberty, and it gives the probation officer the ultimate authority to decide if the guy's ever gonna get to, you know, tank up, you know, his, at the gas station and use his credit card to, you know, to tank up or anything. So we do think that that is improper, and the problem here is that it didn't track the language of 5B1.3d2, that it doesn't make that clear that that should really only apply if he falls out of compliance, and we certainly don't wanna put the district court in the position of micromanaging every financial transaction for the defendant, but it does need to be clear under what conditions the defendant can do these things. Your Honors, unless you have any other further questions, I really don't believe I have anything else to say. We would ask that this court vacate the judgment and remand it for resentencing on the conditions. Ms. Lyson, as you were talking, it reminded me of a point that I, when I was thinking about this case, and you suggested that the government should, in every case, file a motion to dismiss. I have recalled cases where the government has not filed a brief. The court found an issue worthy of discussion and briefing, and then the government elected not to stand on the waiver and proceed to the merits of those arguments, so it's a double-edged sword, I guess, because if they file a motion to dismiss in every case, that's gonna signal to the court that we don't need to require briefing, and it might actually inure to the detriment of certain clients in some cases. It absolutely can, Your Honor. I don't deny that, that if the government had initially moved to dismiss this case, and Office of Staff Counsel had only reviewed for issues that fell outside the appellate waiver, it's possible that the court might have missed this, and we wouldn't have this great discussion that we're having today. Well, we wouldn't have missed it. We would have said it's covered by the waiver, and we're not gonna pursue it, right? So, okay, well, thank you very much, Mr. Bragdon, Ms. Lyson. The case has been ably argued. We appreciate the arguments presented here today. As you both know, we would typically come down and greet you personally. We can't do that this morning, obviously, but I wanna thank you nonetheless, and greet you virtually, and hope that you will stay well and stay safe. Thank you very much for your arguments. The court will take a recess, and judges, let's take a break before we conference, and we'll come back in about five minutes. Will that work? 10? Mm-hmm. Great, thank you. Great. Thank you. So I have the clerk adjourn court. Sonny Da. Thank you.
judges: Albert Diaz, Stephanie D. Thacker, Pamela A. Harris